UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| FREDERICK OWEN JEFFERSON, | Case No. 3:23-cv-01661-MK |
| Plaintiff, | ORDER |
| v. | |
| MULTNOMAH COUNTY SHERIFF DEPARTMENT; SHERIFF NICOLE MORRISEY O'DONNELL; DEPUTY on duty that night; NURSE on duty that night, | |
| Defendants. | |

KASUBHAI, Magistrate Judge.

Plaintiff, an adult in custody (AIC) at the Multnomah County Inverness Jail (MCIJ), files this action pursuant to 42 U.S.C. § 1983 and alleges that MCIJ officials failed to provide adequate medical care in violation of the Fourteenth Amendment. *See Pierce v. Cty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (explaining that, under the Fourteenth Amendment's Due Process Clause, pretrial detainees have a right against jail conditions that "amount to

1 -   ORDER

punishment"). Plaintiff's Complaint is deficient in several respects, and he is allowed the opportunity to amend his allegations.

## DISCUSSION

This Court must dismiss an action initiated by an AIC seeking redress from a governmental entity, officer, or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

An objective standard applies to constitutional claims of inadequate medical care brought under the Fourteenth Amendment. *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Under this standard, a plaintiff must show:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined [including a decision with respect to medical treatment];
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries. *Sandoval v. Cty. of San Diego*, 985 F.3d 657, 669 (9th Cir.), *cert. denied*, 142 S. Ct. 711 (2021) (citing *Gordon*, 888 F.3d at 1125). To satisfy the third element, the plaintiff must show that the defendant's actions were "objectively unreasonable," which requires showing "more than negligence but less than subjective intent – something akin to reckless disregard." *Gordon*, 888 F.3d at 1125 (quoting *Castro*, 833 F.3d at 1071).

In other words, Plaintiff must allege facts plausibly suggesting that Defendants' conduct placed him at risk of serious harm, and that they should have known of the risk and taken reasonable measures to abate it. Plaintiff does not allege such facts.

Plaintiff alleges that during the night of June 1, 2023, the MCIJ nurse and deputy on duty ignored his complaints and failed to provide him with adequate medical treatment for severe stomach pain. Plaintiff alleges that eventually the nurse spoke to him and gave him medication that was ineffective. Plaintiff claims that only when he began throwing up blood several hours later did jail officials rush him to the hospital for emergency surgery.

While Plaintiff alleges that he showed signs of pain, he does not allege facts plausibly suggesting that his condition and symptoms made obvious his need for emergency medical treatment. Rather, Plaintiff alleges facts that suggest neglectful medical attention, and "negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Negligence is a state law claim that must be brought in state court.

Further, liability under § 1983 arises upon a showing of personal participation by each Defendant, and a supervisor – such as a sheriff – is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

3 -    ORDER

Plaintiff's Complaint alleges no facts plausibly suggesting that Sheriff O'Donnell had personal involvement in Plaintiff's medical care or had the culpable mental state to support a claim of deliberate indifference. Plaintiff must allege that each named Defendant, through their own individual actions, violated his constitutional rights.

Plaintiff is allowed the opportunity to amend his allegations and cure the noted deficiencies. Plaintiff must file an Amended Complaint and write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right, if known; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual caused the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct.

## CONCLUSION

Plaintiff fails to allege viable claims under § 1983 and his claims are DISMISSED. Within thirty days from the date of this Order, Plaintiff may submit an Amended Complaint curing the deficiencies noted above. Plaintiff is advised that the failure to do so will result in the dismissal of this proceeding, with prejudice.

The Clerk of the Court is directed to send Plaintiff a form Civil Rights Complaint with this Order.

IT IS SO ORDERED.

DATED this 22nd day of January 2024.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States Magistrate Judge

4 -    ORDER