UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| FREDERICK OWEN JEFFERSON,<br><br>        Plaintiff,<br><br>      v.<br><br>MULTNOMAH COUNTY SHERIFF DEPARTMENT; SHERIFF NICOLE MORRISSEY O'DONNELL; DEPUTY on duty that night; NURSE on duty that night,<br><br>        Defendants. | Case No. 3:23-cv-01661-MTK<br><br>**OPINION AND ORDER** |

KASUBHAI, District Judge.

      Plaintiff, a self-represented adult in custody (AIC), filed this action pursuant to 42 U.S.C. § 1983 and alleged that officials at the Multnomah County Detention Center (MCDC) exhibited deliberate indifference to his medical needs in violation of the Fourteenth Amendment. Defendants moved for summary judgment, and I found that Plaintiff failed to raise a genuine issue of material fact to defeat summary judgment and granted Defendants' motion. Specifically, I found that the undisputed facts of record showed that MCDC staff did not stand "idly by" and fail to respond to Plaintiff's medical complaints. *Sandoval v. Cnty. of San Diego*, 985 F.3d 657,

- 1 -    OPINION AND ORDER

680 (9th Cir. 2021) (stating that "a prison official who is aware that an inmate is suffering from a serious acute medical condition violates the Constitution when he stands idly by rather than responding with reasonable diligence to treat the condition"). Plaintiff now moves for reconsideration.

Under Federal Rule of Civil Procedure 59, the Court may grant reconsideration if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (citation omitted). Similarly, Federal Rule of Civil Procedure 60(b) authorizes the Court to grant relief from judgments based on "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1),(2),(6). Petitioner fails to establish entitlement to relief under either Rule 59 or Rule 60.

To support his motion, Plaintiff presents medical records from Legacy Good Samaritan Emergency Department, where Plaintiff was transported after MCDC staff observed that he had vomited blood. Plaintiff claims that Defendants failed to provide him with these medical records and that the records support his claim for deliberate indifference. However, these records originated from an outside medical provider and were not in Defendants' possession, and Defendants could not have obtained Plaintiff's medical records without his authorization.

Moreover, the records do not create a genuine issue of material fact precluding summary judgement, for the reasons set forth in the Court's Opinion and Order dated May 29, 2025. (ECF No. 66). As explained in the Court's order, even if MCDC nurses misdiagnosed Plaintiff's condition, a medical misdiagnosis in these circumstances suggests negligence, and negligent medical treatment does not rise to the level of a constitutional violation.

- 2 -    OPINION AND ORDER

## **CONCLUSION**

Plaintiff's Motion for Reconsideration (ECF No. 69) is DENIED.

IT IS SO ORDERED.

DATED this 16th day of October 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge

- 3 -    OPINION AND ORDER